## LARKIN v. SHELDON.

(Supreme Court, Special Term, Chautauqua County.　May 6, 1908.)

1. VENUE—CHANGE OF PLACE OF TRIAL—CONVENIENCE OF WITNESSES.

Under the statute providing for a change of the place of trial, "where the convenience of witnesses and the ends of justice will be promoted by the change," the court, on an application for a change of place of trial on the ground of the convenience of witnesses, must not alone inquire as to the convenience of witnesses, but also whether the ends of justice will be promoted by a change.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, §§ 76, 77.]

2. SAME.

A buyer of an animal, under a warranty that it would pass inspection and be admitted into Canada, sued for damages on the ground that the animal could not pass inspection.　The action was brought in Erie county.　The contract of sale was made in Otsego county, where the seller resided.　The seller applied for a change of place of trial to his county, and showed that the number of witnesses residing in the state were equally divided.　The buyer's principal witness was his agent in the transaction, who resided in Canada, about 30 miles from Buffalo.　The inspectors at Niagara Falls were necessary witnesses for the buyer.　*Held*, that the motion could not be granted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, §§ 76, 77.]

Action by John D. Larkin against B. H. Sheldon.　Heard on motion for a change of place of trial from Erie county to Otsego county, for the convenience of witnesses.　Denied.

John Lord O'Brian, for plaintiff.
Gibbs, Wilbur & Gibbs, for defendant.

WOODWARD, J.　The defendant moves this court for a change of place of trial, on the ground of the convenience of witnesses.　The plaintiff bought a polled Jersey bull of the defendant, paying $100 for the same.　The defendant lives at Oneonta, Otsego county.　The plaintiff brings this action to recover the amount paid for the bull, together with expenses, on the ground that the defendant warranted the bull to be sound and free from disease, so that he would be admitted into the Dominion of Canada, and that the bull could not stand the test, and was, therefore, of no value to the plaintiff, who desired the bull for breeding purposes upon his farm in Canada.　This motion is made for a change of place of trial upon the ground of the convenience of witnesses, and our attention is called to the fact that there is an equal division in the number of witnesses residing in this state, and that under such circumstances the courts have permitted a change of the place of trial to the county where the transaction occurred.　But we are of opinion that this is not a hard and fast rule, particularly as the statute provides for a change of the place of trial "where the convenience of witnesses, and the ends of justice, will be promoted by the change."　The court is to inquire, not alone as to the convenience of witnesses, but whether the "ends of justice will be promoted by the change."

In the case now before us the bull was purchased in Oneonta.　It was there that the warranty was made, if at all; but the point where

it was to be determined whether the bull would pass muster and be admitted to the Dominion of Canada was at Niagara Falls, Ontario, and if the plaintiff's theory of the case is true, and there was a warranty, the transaction was not closed until the bull had passed over the boundary line into the Dominion of Canada with the consent of the authorities. It is true that the number of witnesses residing in this state are equally divided; but the plaintiff's witness Slingerland, who acted as plaintiff's agent in the transaction, and who is therefore his principal witness, while a resident of the Dominion of Canada, about 30 miles from the city of Buffalo, is a witness whose convenience is quite as important as that of any of the defendant's witnesses, so far as we are able to discover.

The reason for the rule of disregarding foreign witnesses in matters of this kind—that, being without the jurisdiction of the court, they may not be compelled to attend, and their evidence may have to be taken by commission (Bowles v. Rome, Watertown & Ogdensburg R. R. Co., 38 Hun, 507, 509)—has no relation to this situation, where the witness, in the nature of the case, being in the employ of the plaintiff and his agent in the transaction, will necessarily be present. Moreover, if the plaintiff's version is true, and the defendant agreed that the animal should be able to pass the inspectors at the international boundary, he ought not to be permitted by a change of place of trial to discommode the witnesses of the plaintiff, even though they reside outside of the state. We discover in this motion nothing to indicate that the convenience of the greater number of witnesses who are fairly entitled to consideration will be advanced, nor that the "ends of justice will be promoted," by adding to the trouble and expense of the plaintiff in establishing his cause of action. The defendant, if he made the warranty that is claimed, in effect stipulated that the question should be determined by the inspectors at Niagara Falls, Ontario, thus making these inspectors necessary witnesses; and it would be unjust to embarrass the plaintiff by compelling him to take these witnesses, public officials, into an interior county for trial.

The motion for a change of the place of trial should be denied, with costs.

